UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ZACHARY CROUCH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:25-CV-350-KAC-DCP ) |
| JASON HAYWARD, | ) ) |
| Defendant. | ) ) ) |

**ORDER AND REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Complaint [Doc. 1] and his Application to Proceed in Forma Pauperis with Supporting Documentation ("Application") [Doc. 2]. For the reasons more fully stated below, the Court **GRANTS** his Application [**Doc. 2**] and will therefore allow Plaintiff to file his Complaint without the payment of costs. The undersigned **RECOMMENDS**, however, that the District Judge **DISMISS** this case.

**I.  DETERMINATION ABOUT THE FILING FEE**

Plaintiff has filed an Application [Doc. 2] with the required detailing of his financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must

show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has no income, few assets, and several expenses. Considering Plaintiff's Application, it appears to the Court that his economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees. The Clerk **SHALL NOT**, however, issue process at this time.

## II. RECOMMENDATION AFTER SCREENING THE COMPLAINT

Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to screen complaints. 28 U.S.C. § 1915.[1] To accomplish this end, the Court must evaluate the litigant's indigence, but notwithstanding indigence, a court must dismiss a matter under 28 U.S.C. § 1915(e)(2)(B) if [it] determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

---

[1] Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. The district court, however, must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

2

Case 3:25-cv-00350-KAC-DCP    Document 8    Filed 10/16/25    Page 2 of 6    PageID #: 24

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 570 (2007)).

Specifically, under Rule 8(a) of the Federal Rules of Civil Procedure, a pleading must provide:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleading is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). Otherwise, the complaint is subject to dismissal under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

Plaintiff alleges that in August 2019, Defendant Jayson Hayward ("Defendant Hayward") hired him as a research assistant at the University of Tennessee [Doc. 1 p. 2]. Plaintiff states that he "was having financial difficulty paying his tuition bill for Autumn 2019[,]" so he "sent an email to the bursar's office to try to make payment arrangements" [*Id*. at 3]. According to Plaintiff, "The bursar's office forwarded the email to [Defendant]" [*Id*.].

Later, Defendant scheduled a meeting with Plaintiff and mentioned the e-mail [*Id*.]. Plaintiff states that Defendant then fired him for the e-mail, stating "I warned you about your communications with others. You made us look bad" [*Id*.]. Plaintiff contends that Defendant fired him in January 2020 "because of words in two emails" [*Id*. at 2]. He states, "Freedom of [s]peech is a [c]onstitutional right granted by the [F]ounding [F]athers of the United States of America"

[*Id*.]. He claims that his "constitutional right was revoked by [Defendant] when he was fired for words in two emails" [*Id*.].

Based on the above, Plaintiff alleges one count for impinging upon the freedom of speech [*Id*. at 3]. He seeks $10 million in damages [*Id*.].

### B. Screening the Complaint

Plaintiff alleges a violation of the freedom of speech [Doc. 1 p. 3]. In light of Plaintiff's pro se status, the Court will construe his Complaint as claiming a violation of 42 U.S.C. § 1983. *See Roath v. Lee*, No. 3:17-CV-00995, 2019 WL 3066533, at *7 (M.D. Tenn. July 12, 2019) ("Section 1983 provides the exclusive remedy for constitutional violations[.]"). This statute allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).[2]

Plaintiff alleges that Defendant fired him in January 2020 because of two emails Plaintiff sent [Doc. 1 pp. 2 & 3]. But Plaintiff filed his lawsuit on July 21, 2025—five years later. "The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tnn. Dep't of Children's Servs.,* 510 F.3d 631, 634 (6th Cir. 2007). In Tennessee, litigants have one

---

[2] For purposes of screening, the Court presumes Defendant Hayward is a state actor. But even if he were not a state actor, Plaintiff's claim would fail as a matter of law. *See Leta v. Hamilton Cnty. Dep't of Job & Fam. Servs.*, 668 F. Supp. 3d 724, 738 (S.D. Ohio 2023) (finding the private individuals cannot generally be held liable under § 1983 because it is "predicated on acts occurring under color of state law"), *aff'd sub nom. Leta v. TriHealth, Inc.*, No. 23-3406, 2024 WL 229563 (6th Cir. Jan. 22, 2024).

year to file personal injury actions. *Haley v. Clarksville-Montgomery Cty. Sch. Sys.*, 353 F. Supp. 3d 724, 730 (M.D. Tenn. 2018) (citing Tenn. Code Ann. § 28-3-104(a)). "When the statute begins to run, however, is an issue of federal law." *Caudill v. Hamblen Cty.*, No. 2:19-CV-183, 2019 WL 5685205, at *1 (E.D. Tenn. Oct. 31, 2019) (citing *Eidson*, 510 F.3d at 635). "Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable." *Id*.

Here, Plaintiff alleges that Defendant terminated him in January 2020 and stated, "I warned you about your communications with others. You make us look bad" [Doc. 1 p. 3]. Plaintiff's constitutional claim therefore fails because it is barred by the statute of limitations.[3]

### C. Amending the Complaint

The Court has considered whether to allow Plaintiff an opportunity to amend the Complaint but declines to do so here because an amendment would be futile in light of the statute of limitations.

### III. CONCLUSION

For the reasons explained above, the undersigned **GRANTS** Plaintiff's Application to Proceed in Forma Pauperis with Supporting Documentation [**Doc. 2**][4] and **RECOMMENDS**[5] that

---

[3] "Although the statute of limitations is normally an affirmative defense that defendants must raise in an answer, if the limitations bar appears on the face of the complaint, the Court may apply it during the initial screening process." *Amos v. Solovan*, No. 2:17-CV-819, 2017 WL 4168407, at *2 (S.D. Ohio Sept. 19, 2017), report and recommendation adopted, No. 2:17-CV-819, 2017 WL 4553400 (S.D. Ohio Oct. 12, 2017).

[4] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[5] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.

the District Judge **DISMISS** this Complaint.

Respectfully submitted,

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).

6

Case 3:25-cv-00350-KAC-DCP    Document 8    Filed 10/16/25    Page 6 of 6    PageID #: 28